IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRELL CANNON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 05 C 2192 |
| | ) |
| FORMER CHICAGO POLICE LT. | ) |
| JON BURGE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

In his Complaint, Plaintiff Darrell Cannon alleged that certain personnel with the City of Chicago, the Cook County State's Attorney's Office, Cook County, and the City itself violated his civil rights by torturing him during interrogations held at the Chicago Police Department's Area 2 Detective Division under the direction of Former Chicago Police Lieutenant Jon Burge. Before the Court is Cannon's Motion for Leave to File an Amended Complaint. For the following reasons, the Court, in its discretion, grants in part and denies in part Cannon's motion.

## BACKGROUND

### I. Original Complaint

On April 13, 2005, Cannon filed his original Complaint against Defendants Jon Burge, John Byrne, Peter Dignan, Michael Bosco, Ray Binkowski, Ray Madigan, Daniel McWeeny, Leroy Martin, Terry Hillard, Thomas Needham, Gayle Shines, the Estate of Charles Grunhard, the City of Chicago (collectively, the "City Defendants"), as well as Cook County State's Attorney Richard Devine, the Cook County State's Attorney's Office, and Cook County (collectively, the "County Defendants"). In his Complaint, Cannon alleged six civil rights

violations pursuant to 42 U.S.C. § 1983, including a fair trial/due process claim (Count I), a false arrest and imprisonment claim (Count II), a physical abuse/excessive force claim (Count III), a coercive interrogation claim (Count IV), a deprivation of access to courts claim (Count V), and a *Monell* claim (Count VI). Plaintiff also alleged six state law violations, including false arrest and imprisonment (Count VII), malicious prosecution (Count VIII), intentional infliction of emotional distress (Count IX), conspiracy (Count X), respondeat superior (Count XI), and indemnification pursuant to 745 ILCS 10/9-102 (Count XII).

## II.     Motion to Dismiss

On February 2, 2006, the Court granted in part and denied in part the City and County Defendants' motions to dismiss Cannon's original Complaint. Specifically, the Court concluded that Cannon's federal due process, false arrest and false imprisonment, physical excessive force, and coercive interrogations claims – including the attendant conspiracy claim – were timely pursuant to *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). As to Cannon's state law claims, the Court concluded that the City Defendants had waived their arguments regarding Cannon's false arrest/false imprisonment common law claim and that Cannon's intentional infliction of emotional distress and state conspiracy claims were not time-barred. Viewing the facts in a light most favorable to Cannon, the Court concluded that Cannon properly alleged his federal due process claim, as well as his state law malicious prosecution and conspiracy claims. The Court also denied the City Defendants' motion with respect to Cannon's respondeat superior and indemnification claims.

The Court, however, dismissed Cannon's deprivation of access to courts claim (Count V) against both the City and County Defendants. The Court also dismissed Cannon's Section 1983

2

and common law false arrest claims against State's Attorney Devine, but not the false imprisonment claims. Moreover, the Court dismissed all claims against the Cook County State's Attorney's Office with prejudice. The Court, however, concluded that the remaining claims against State's Attorney Devine in his individual capacity were proper and that the County Defendants had waived their prosecutorial immunity defense. As to the remainder of the parties' arguments concerning the motions to dismiss, the Court presumes familiarity with its February 2, 2006, Memorandum, Opinion, and Order.[1]

## LEGAL STANDARD

"Although Federal Rule of Civil Procedure 15(a) instructs that leave to amend shall be freely given 'when justice so requires,' a district court may deny a plaintiff leave to amend if 'there is undue delay, bad faith[,] or dilatory motive.'" *Sound of Music Co. v. Minnesota Mining & Mfg. Co.,* 477 F.3d 910, 922 (7th Cir. 2007) (citations omitted). The Court may also deny a plaintiff's motion for leave to amend if "undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" would occur. *Id.* at 922-23 (citations omitted). In other words, "leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party." *Crest Hill Land Dev., LLC v. City of Joliet,* 396 F.3d 801, 804 (7th Cir. 2005); *see also Guise v. BWM Mortgage, LLC,* 377 F.3d 795, 801 (7th Cir. 2004) ("district court's decision to grant or deny a motion for leave to file an amended

---

[1] In their response brief, the County Defendants rehash arguments that the Court already rejected in its February 2, 2006, Memorandum, Opinion, and Order granting in part and denying in part Defendants' motions to dismiss. As such, the Court need not address these arguments in the context of Cannon's Motion for Leave to File an Amended Complaint.

pleading is 'a matter purely within the sound discretion of the district court.'") (citation omitted).

## ANALYSIS

In his Motion for Leave to File an Amended Complaint, Cannon seeks to amend his original Complaint relying on the July 19, 2006, Special Prosecutor Investigation Report concerning torture at Chicago Police Department Area 2 under the direction of Former Chicago Police Lieutenant Burge. Based on this report, Cannon seeks to add allegations concerning matters outside of his own underlying criminal proceedings, including the prosecution of Andrew Wilson for murdering two police officers in February 1982, as part of a civil conspiracy claim under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* Cannon also seeks to add Chicago Mayor Richard Daley and former Chicago Mayor Jane Byrne as Defendants to various claims in his original Complaint and the newly alleged RICO claim. In addition, Cannon seeks to incorporate "newly discovery evidence" as part of his *Monell* claim. Finally, Cannon wants to add Defendant State's Attorney Devine, as well as other named Defendants, to his previously alleged claims and his newly alleged RICO claim.

**I.     Civil RICO Conspiracy Claim**

In Count V of his proposed Amended Complaint, Cannon seeks to add a new claim under the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 *et seq.* Defendants, however, argue that Cannon does not have standing to bring his RICO claim, and thus any such amendment would be futile. *See Sound of Music,* 477 F.3d at 922-23. To establish standing to sue, a plaintiff in a civil RICO action must show injury to "his business or property by reason of a violation of section 1962." *See* 18 U.S.C. § 1964(c); *Evans v. City of*

*Chicago,* 434 F.3d 916, 924-25 (7th Cir. 2006). In *Evans*, the Seventh Circuit explained that the phrase "injured in business or property" under the RICO statute is a standing requirement rather than an element of a RICO cause of action. *See id*. at 924. Therefore, the issue of whether a RICO plaintiff has incurred an injury to his business or property within the meaning of Section 1964(c) is a jurisdictional question that the Court may address at any stage of litigation. *Id.* (citing *National Organization for Women, Inc. v. Scheidler,* 510 U.S. 249, 255, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994)).

Relying on a Ninth Circuit case, Cannon contends that he has standing to bring a civil RICO claim because while he was unjustly incarcerated, his "business or property" was injured due to his lost employment opportunities. *See Diaz v. Gates,* 420 F.3d 897 (9th Cir. 2005). Cannon, however, fails to address the Seventh Circuit's decision in *Evans* which is directly on-point and holds the opposite. *See id.* at 924-27. In *Evans*, the plaintiff argued that he had standing because there was injury to his business or property "due to the fact that he was allegedly maliciously prosecuted and falsely imprisoned," and thus he "lost the ability to pursue gainful employment and also lost potential income from that employment." *Id.* at 926. In rejecting this argument, the Seventh Circuit explained:

> The loss of income as a result of being unable to pursue employment opportunities while allegedly falsely imprisoned – similar to monetary losses flowing from the loss of consortium, loss of security and peace, wrongful death and similar claims sounding in tort – are quintessentially pecuniary losses derivative of personal injuries arising under tort law. Under Illinois law, which in this instance defines the scope of tort law, both malicious prosecution and false imprisonment constitute traditional tort claims which result in a personal injury. These torts often result in personal injuries, such as those enumerated above, including the inability to pursue or obtain gainful employment. Evans' claim of loss of employment income is nothing more than an indirect, or secondary effect, of the personal injuries that he allegedly suffered, the inability to seek or obtain employment, and therefore such a claim does not constitute a cognizable injury to

5

"business or property" within the meaning of § 1964(c).

*Id.* at 926-27 (internal citations omitted). The Seventh Circuit thus concluded that the plaintiff in *Evans* "failed to allege anything more than pecuniary losses antecedent to a personal injury." *Id.* at 927. The *Evans* court also concluded that it was not Congress' intent that the RICO laws should "compensate plaintiffs for pecuniary losses, such as loss of income, stemming from what is essentially a personal injury like the inability to work or seek employment." *Id.* In sum, the *Evans* court held:

> that personal injuries, and the pecuniary losses flowing from those injuries, are insufficient to establish standing under the civil RICO, § 1964(c). We also hold that foregone earnings stemming from the lost opportunity to seek or gain employment are, as a matter of law, insufficient to satisfy § 1964(c)'s injury to "business or property" requirement where they constitute nothing more than pecuniary losses flowing from what is, at base, a personal injury.

*Id.* at 930-31 (citing *Doe v. Roe,* 958 F.2d 763, 770 (7th Cir. 1992)). Therefore, under controlling Seventh Circuit precedent, Cannon does not have standing to bring a civil RICO claim based on any lost employment opportunities while he was incarcerated.

Finally, the Seventh Circuit specifically rejected the holding in the Ninth Circuit's *Diaz* decision explaining that the "*Diaz* majority, however, blurs the distinction between whether an alleged injury satisfies the statutory definition of 'business or property' and whether a 'business or property' injury was proximately caused by a predicate RICO act." *Id.* at 931 n.26. The Seventh Circuit also concluded that the *Diaz* court's "analysis is equal parts mischaracterization of the RICO statute and red herring." *Id.* Accordingly, Cannon's reliance on *Diaz* does not save the day. Therefore, Cannon's civil RICO claim is futile because he does not have standing to bring this claim. *See Bensman v. United States Forest Serv.,* 408 F.3d 945, 949 (7th Cir. 2005) (standing is a "threshold jurisdictional question" fundamental to a court's subject matter

6

jurisdiction). The Court thus denies Cannon's Motion for Leave to File an Amended Complaint to add a civil RICO claim.

## II.  Non-RICO Claims Against Mayors Byrne & Daley

Next, Cannon seeks to add Mayors Byrne and Daley as Defendants to certain federal and state law claims. The City Defendants, however, argue that amending the Complaint to add Mayors Byrne and Daley would be futile because any such claims are time-barred. The Court agrees. *See Rodriguez v. United States,* 286 F.3d 972, 980 (7th Cir. 2002) ("A district court may properly deny a motion to amend as futile if the proposed amendment would be barred by the statute of limitations."); *see also Sound of Music,* 477 F.3d at 923 (amendment futile if new claim could not survive summary judgment); *Vargas-Harrison v. Racine Unified Sch. Dist.,* 272 F.3d 964, 975 (7th Cir. 2001) ("new claim is futile if it would not withstand a motion to dismiss.").

### A.  Relation-Back

Cannon does not dispute that the claims against Mayors Byrne and Daley are time-barred, but instead – citing to Federal Rule of Civil Procedure 15(c)(2) – Cannon argues that these allegations relate back to the date of his original Complaint.[2] Cannon, however, ignores Rule 15(c)(3), which governs the addition of new parties to a lawsuit in tandem with Rule 15(c)(2). *See Hall v. Norfolk Southern Ry. Co.,* 469 F.3d 590, 595-96 (7th Cir. 2006). More specifically, along with Rule 15(c)(2)'s requirement that Cannon's claims against Mayors Byrne

---

[2] Cannon does not address the relation-back doctrine or discovery rule, discussed *infra*, as they apply to his claims against Former Mayor Byrne. Thus, Cannon has waived these arguments. *See Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of any discussion in briefs amounts to abandonment of claims).

7

& Daley arise out of the same conduct and occurrences as in his original Complaint, Cannon must establish two additional requirements under Rule 15(c)(3) to add Mayors Byrne and Daley as Defendants. *See id.* These requirements include that during the Rule 4(m) period for service of the summons and complaint, "the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." *See* Fed.R.Civ.P. 15(c)(3); *see also Hall,* 469 F.3d at 596 ("It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires.").

In short, Cannon does not mention Rule 15(c)(3) nor does he make any arguments concerning Rule 15(c)(3)'s requirements, and the Court will not make his arguments for him. *See Doherty v. City of Chicago,* 75 F.3d 318, 324 (7th Cir. 1996) ("Given our adversary system of litigation, it is not the role of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel.") (citation omitted). Because Cannon fails to mention – let alone argue – that he has established Rule 15(c)(3)'s requirements, his relation-back argument fails. *See Mema v. Gonzales,* 474 F.3d 412, 421 (7th Cir. 2007) (undeveloped arguments waived).

  **B. Discovery Rule**

Cannon nevertheless maintains that his allegations against Mayor Daley are timely based on the discovery rule. Indeed, Illinois courts recognize the discovery rule – the effect of which "is to postpone the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully

8

caused." *Hollander v. Brown,* 457 F.3d 688, 692 (7th Cir. 2006) (quoting *Golla v. General Motors Corp.,* 167 Ill.2d 353, 212 Ill.Dec. 549, 657 N.E.2d 894, 898 (1995)). In other words, "the discovery rule starts the statute of limitations from the date when the plaintiff discovers, or reasonably could discover, both her injury and the causal connection between her injury and the tortious conduct." *Id.* at 692-93 (citation omitted). Whether a plaintiff has brought a claim within the time allowed by the Illinois discovery rule is generally a question of fact, but the Court may determine this issue as a matter of law if the answer is clear from the pleadings. *Clay v. Kuhl,* 189 Ill.2d 603, 609, 244 Ill.Dec. 918, 727 N.E.2d 217 (2000).

Here, Cannon argues that he did not know that he had any claims against Mayor Daley until after the release of the Special Prosecutor's Report in August 2006. Cannon's pleadings speak otherwise. In his original Complaint, Cannon makes allegations concerning the investigations into Chicago Police Department Area 2 in relation to Mayor Daley and further alleges that Mayor Daley was the State's Attorney of Cook County from 1981 through 1988. (R. 1-1, Compl. ¶¶ 46, 47.) Indeed, Cannon's original Complaint – filed well over a year before the issuance of the Special Prosecutor's Report – refers to many of the topics discussed in the July 2006 report. (*See, e.g.,* Compl., ¶¶ 37-51, 55-58.) As such, Cannon's argument that he did not discover that he had any claims against Mayor Daley until August 2006 is refuted by his own allegations. *See Clay,* 189 Ill.2d at 609. Therefore, Cannon's discovery rule argument fails as a matter of law. *See id*. The Court thus denies Cannon's motion for leave to add Mayors Byrne and Daley as Defendants because his claims against them are time-barred, and thus futile.[3]

---

[3] Because the underlying federal constitutional claims against Mayors Daley and Byrne are time-barred, Cannon's federal conspiracy and purported equal protection claims based on these constitutional claims are also time-barred. *See Walden v. City of Chicago*, 391 F.Supp.2d

9

### III. Additional *Monell* Allegations

In his proposed Amended Complaint, Cannon sets forth additional factual allegations in support of his *Monell* claim. Besides adding new claims or defendants, parties generally seek to amend pleadings to cure any deficiencies made in their earlier pleadings. *See Sigsworth v. City of Aurora, Ill.,* 487 F.3d 506, 512 (7th Cir. 2007). Although Cannon's additional allegations provide details to his *Monell* claim, such additions are unnecessary because there are no pleading deficiencies to cure. Furthermore, it is within the Court's discretion to deny a plaintiff's leave to amend if the proposed amendment fails to state a new claim or if the new allegations are merely arguments or additional allegations supporting the original complaint. *See 188 LLC v. Trinity Indus., Inc.,* 300 F.3d 730, 739 (7th Cir. 2002). Moreover, any attempt to add these allegations to circumvent the Court's order bifurcating *Monell* discovery from the remainder of Cannon's claims would undoubtedly constitute bad faith. *See Sound of Music,* 477 F.3d at 922; Fed.R.Civ.P. 15(a). Therefore, the Court denies Cannon's motion for leave to amend concerning any additional *Monell* allegations.

Finally, the Court reminds Cannon that his *Monell* claims against the individual Defendants in their official capacities are claims against the City as a local governmental unit. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114, 121 (1985) (citing *Monell v. Deptartment of Soc. Servs. of New York*, 436 U.S. 658, 690, n.55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). In other words, official capacity suits brought against individuals are "another way of pleading an action against an entity of which an officer is an

---

660, 678 (N.D. Ill. 2005); *Hobley v. Burge,* No. 03 C 3678, 2004 WL 1243929, at *8 (N.D. Ill. June 3, 2004); *see also Hill v. City of Chicago,* No. 06 C 6722, 2007 WL 1424211, at *4 (N.D. Ill. May 10, 2007).

10

agent." *Kentucky v. Graham,* 473 U.S. at 165 (citation omitted). Accordingly, the City is the only proper Defendant in Cannon's *Monell* claim.

## IV.     Additional Allegations Against State's Attorney Devine & Other Named Defendants

### A.     Additional Factual Allegations

Cannon also seeks to add factual allegations concerning State's Attorney Devine and other named Defendants to already existing claims that survived Defendants' motions to dismiss. Again, the Court denies Cannon's motion to add arguments and additional factual allegations in support of his original Complaint. *See Trinity Indus., Inc.,* 300 F.3d at 739. Further, under the federal notice pleading standards, Cannon's additional factual allegations are unnecessary, especially because notice pleading "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002).

### B.     Failure to Intervene

Cannon, however, also seeks to add State's Attorney Devine and already named Defendants to his due process claim (Count I), false arrest and imprisonment claim (Count II), physical abuse/excessive force claim (Count III), and coercive interrogation claim (Count IV) based on Defendants' alleged failure to prevent or intervene. (R. 175-2, Amend. Compl. ¶¶ 142, 146, 151, 156.) Instead of addressing Cannon's new allegations concerning Defendants' failure to intervene, the County Defendants contend that Counts I, II, III, and IV are barred by the Supreme Court's decision in *Wallace v. Kato,* 127 S.Ct. 1091 (2007), an argument best left for summary judgment, especially because the parties did not fully brief this issue in their legal memoranda regarding Cannon's Motion for Leave to File an Amended Complaint.

Meanwhile, because Defendants fail to address Cannon's new "failure to intervene" claims, namely, that Defendants failed to stop Burge and other Area 2 officers from continuing their coercive interrogations and that the Defendants failed to prevent Cannon's wrongful arrest and imprisonment, the Court, in its discretion, grants Cannon leave to add his failure to intervene allegations to Counts I, II, III, and IV of his original Complaint. The Court reminds Cannon that under the liberal notice pleading standards, he must allege "a short and plain statement of the claim showing that the pleader is entitled to relief" giving Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See* Fed.R.Civ.P. 8(a)(2); *Swierkiewicz*, 534 U.S. at 506 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Cannon must specifically name which "other named Defendants and co-conspirators" failed to intervene under Counts III and IV to put these already named Defendants on notice of the claims against them. (*See* Amend. Compl. ¶¶ 151, 156.)

### C. Respondeat Superior & Indemnification

Finally, Cannon seeks to add allegations that in addition to being an employee of Cook County and the State's Attorney's Office, State's Attorney Devine was also an employee of the City because he was a "Special Assistant Corporation Counsel" and represented Defendant Burge and his co-defendants. (*See* Amend. Compl. ¶¶ 14, 16.) Specifically, Cannon wants to add State's Attorney Devine in his capacity as a City employee to his respondeat superior (Count XI) and indemnification claims (Count XII). Although Defendants factually dispute Cannon's allegations that State's Attorney Devine was an agent of the City, these factual disputes are best

left for summary judgment or trial.[4] Therefore, the Court, in its discretion, grants Cannon leave to amend his Complaint to add State's Attorney Devine as a City employee in Counts XI and XII of his Complaint.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Cannon's Motion for Leave to File an Amended Complaint.

Dated: August 8, 2007

ENTERED

_____
**AMY J. ST. EVE**
**United States District Court Judge**

---

[4] Although the Court granted the parties leave to file supplemental briefs, their additional briefs make factual, not legal arguments. *See Campania Mgmt. Co., Inc. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848 (7th Cir. 2002) (rendition of facts parties intend to argue at trial are not proper allegations under Rule 15(a)). As such, the Court need not address the parties' factual arguments at this procedural posture.