Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 05 C 2192 | **DATE** | 9/14/2010 |
| **CASE TITLE** | Cannon vs. Burge et al | | |

**DOCKET ENTRY TEXT**

The Court denies Defendants' motion for a protective order [316].

■ [ For further details see text below.]    Notices mailed by Judicial staff.

## STATEMENT

On April 13, 2005, Plaintiff Darrell Cannon filed his original complaint in this civil rights lawsuit based on police officers allegedly torturing him during interrogations held at the Chicago Police Department's Area 2 Detective Division under the direction of former Chicago Police Lieutenant Jon Burge. On November 12, 2008, the Court granted the United States Government's motion to intervene and for a limited stay until the completion of Defendant Burge's criminal trial. On June 28, 2010, a jury found Burge guilty on obstruction of justice and perjury charges. Thereafter, the Court granted the parties' motion to lift the limited stay on July 22, 2010 and set a briefing schedule for dispositive motions at that time.

Before the Court is Defendants Officers' motion for a protective order regarding Plaintiff's Second Set of Interrogatories pursuant to Federal Rules of Civil Procedure 26(b)(2) and 33(a)(1) in which Defendants request the Court to strike Plaintiff's Second Set of Interrogatories. For the following reasons, the Court, in its discretion, denies Defendant Officers' motion. *See Semien v. Life Ins. Co. of N. Am.,* 436 F.3d 805, 813 (7th Cir. 2006) ("district courts enjoy broad discretion in controlling discovery").

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

# LEGAL STANDARD

The federal discovery rules are liberal in order to assist in trial preparation and settlement. *See Bond v. Utreras,* 585 F.3d 1061, 1075 (7th Cir. 2009); *see also Kodish v. Oakbrook Terrace Fire Prot. Dist.,* 235 F.R.D. 447, 450 (N.D. Ill. 2006) ("the scope of discovery should be broad in order to aid in the search for truth"). Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). "Courts commonly look unfavorably upon significant restrictions placed upon the discovery process," and the "burden rests upon the objecting party to show why a particular discovery request is improper." *Kodish,* 235 F.R.D. at 450.

Federal Rule of Civil Procedure 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts" but that "leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." A parties' request for additional interrogatories are proper unless:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity in the action to obtain the information sought; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i-iii); *see also Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681 (7th Cir. 2002) ("Although there is a strong public policy in favor of disclosure of relevant materials, Rule 26(b)(2) of the Federal Rules of Civil Procedure empowers district courts to limit the scope of discovery").

# ANALYSIS

In the present motion, Defendant Officers argue that Plaintiff's Second Set of Interrogatories should be stricken because they exceed the twenty-five interrogatories allowed by Rule 33(a)(1). Defendants specifically argue that the interrogatories are unreasonably duplicative and cumulative of Plaintiff's First Set of Interrogatories and that Plaintiff has had amble opportunity to obtain the information that he seeks during Defendant Officers' depositions and also via Plaintiff's First Set of Interrogatories. *See* Fed. R. Civ. P. 26(b)(2)(C)(i),(ii).

On the other hand, Plaintiff maintains that the Second Set of Interrogatories is necessary to discern whether the Defendant Officers have changed their positions with regard to asserting their Fifth Amendment right not to testify in the present lawsuit in light of Defendant Burge's arrest, indictment, and conviction for obstruction of justice and perjury. Moreover, Plaintiff argues that circumstances have changed since the First Set of Interrogatories and Defendant Officers' depositions, including that the United States Attorney had announced that Area 2 officers other than Burge are under investigation.

More specifically, Plaintiff argues that Defendant Burge asserted the Fifth Amendment in response to Plaintiff's First Set of Interrogatories in April 2006. In July 2007, Defendant Burge stated under oath that he

would persist in his assertion of the Fifth Amendment if he were deposed on these and other matters. Defendant Burge, however, abandoned his Fifth Amendment right not to testify at his criminal trial in June 2010. Based on these circumstances, the Court denies Defendants' motion and will not strike Plaintiff's Second Set of Interrogatories as to Defendant Burge.

Meanwhile, in June 2006, Defendant Officers John Byrne, Peter Dignan, Daniel McWeeny, Ray Madigan, Ray Binkowski, and Michael Bosco asserted their Fifth Amendment right in response to every interrogatory in Plaintiff's First Set of Interrogatories. In December 2006, however, Defendants filed amended responses to Plaintiff's First Set of Interrogatories in which they did not assert the Fifth Amendment, but instead asserted general denials to the questions.

Here, Plaintiff's Second Set of Interrogatories ask different questions involving the United States Attorney's investigation, as well as other incidents that occurred – or Plaintiff discovered[1] – after he served his First Set of Interrogatories and took Defendants' depositions. Moreover, certain interrogatories address whether Defendants seek to re-assert their Fifth Amendment rights. Accordingly, because of the myriad changes in this lawsuit before and during the limited stay, Plaintiff's Second Set of Interrogatories are not duplicative or cumulative nor has Plaintiff had the opportunity to obtain the information he seeks. Because Defendants have failed in their burden of showing why Plaintiff's Second Set of Interrogatories is improper, *see Kodish,* 235 F.R.D. at 450, the Court denies Defendants' motion.

---

[1] Plaintiff, for example, took the deposition of Lee Norah on September 15, 2008 in which Norah testified that he was physically abused while in custody at Area 2 during the relevant time period. (R. 318-1, Ex. G, Norah Dep., at 44-45, 48-52, 95-100.)